MARC E. JOHNSON, Judge.
|2Plaintiff, Richard Breaux, appeals the granting of summary judgment in favor of defendants, Fresh Start Properties, LLC (“Fresh Start”) and State Farm Fire and Casualty Co., dismissing his suit for personal injuries allegedly sustained while he was working as an electrician on Fresh Start’s property. For the reasons that follow, we affirm.
Plaintiff filed suit asserting he injured his right knee on July 1, 2007 while performing electrical work at 428 9th Street in Gretna, property which was owned by Fresh Start. He alleged that his electrical work required attic access and, as he was going up the attic stairs, the third step snapped causing him to fall. He maintained Fresh Start was liable for his injury under the theories of negligence and strict liability.
Plaintiff subsequently filed a motion for partial summary judgment on the issue of liability. He argued his injury was caused by an unreasonably dangerous defect in the attic stairs and, thus, Fresh Start was liable under La. C.C. arts. 2317.1 and 2322. Defendants responded by filing their own motion for summary | judgment in which they asserted the attic stairs did not present an unreasonable risk of harm, Fresh Start did not owe a duty to warn or protect plaintiff from the risk of harm, and plaintiff could not meet his burden of proof that Fresh Start knew or should have known of a defect in the attic stairs.
After a hearing, the trial court denied plaintiffs motion for partial summary judgment and granted defendants’ motion for summary judgment dismissing plaintiffs suit with prejudice. Plaintiff filed the instant appeal challenging the trial court’s granting of summary judgment in favor of defendants.
A motion for summary judgment should be granted only if there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The initial burden of proof is with the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements *852 essential to the adverse party’s claim, action, or defense. The non-moving party must then produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the non-moving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. art. 966(C)(2); Callis v. Jefferson Parish Hosp. Service, Dist. # 1, 07-580 (La.App. 5 Cir. 12/27/07), 975 So.2d 641, 643.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored in the law. La. C.C.P. art. 966(A)(2); Robinson v. Jefferson Parish School Bd., 08-1224 (La.App. 5 Cir. 4/7/09), 9 So.3d 1035, 1043, writ denied, 09-1187 (La.9/18/09), 17 So.3d 975. Even though the summary judgment procedure is favored, it is not a substitute for a |4trial on the merits. S.J. v. Lafayette Parish School Bd., 06-2862 (La.6/29/07), 959 So.2d 884, 887 (per curiam).
A material fact is one that potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit. Hines v. Garrett, 04-806 (La.6/25/04), 876 So.2d 764, 765 (per curiam). A genuine issue is a “triable issue.” Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751. If reasonable persons could disagree after considering the evidence, a genuine issue exists. However, if reasonable persons could reach only one conclusion on the state of the evidence, there is no need for a trial on that issue and summary judgment is appropriate. Id.; Alwell v. Meadowcrest Hosp., Inc., 07-376 (La.App. 5 Cir. 10/30/07), 971 So.2d 411, 414. “In determining whether an issue is ‘genuine,’ courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence.” Smith, 93-2512 at 27; 639 So.2d at 751.
Appellate courts review the granting or denial of a motion for summary judgment de novo under the same criteria governing the district court’s consideration of whether summary judgment is appropriate. Specifically, appellate courts must ask the same questions as the district court: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Matthews v. Banner, 08-339 (La.App. 5 Cir. 10/28/08), 996 So.2d 1161, 1163.
Louisiana Civil Code articles 2315 and 2316 are the codal foundation for delictual liability for negligence in Louisiana. La. C.C. arts. 2317 and 2317.1 define the basis for delictual liability for defective things, and La. C.C. art. 2322 defines the basis for delictual liability for buildings.
| SA plaintiff alleging negligence or strict liability of a building owner must prove: (1) the property presented'an unreasonable risk of harm; (2) the defendant knew or should have known of the vice or defect; and (3) the damage could have been prevented by the exercise of reasonable care and the defendant failed to exercise such reasonable care. If the plaintiff fails to prove any one of these elements, his claim fails. Meaux v. Wendy’s International, Inc., 10-111 (La.App. 5 Cir. 10/26/10), 51 So.3d 778, 788. It is the court’s obligation to decide which risks are unreasonable based upon the facts and circumstances of each case. Stiebing v. Romero, 07-723 (La.App. 5 Cir. 12/27/07), 974 So.2d 752, 757. There is no fixed rule for determining whether a thing presents an unreasonable risk of harm. Factors that should be considered and weighed include: (1) the claims and interests of the parties; (2) the probability of the risk occurring; (3) the gravity of the consequences; (4) the burden of adequate pre *853 cautions; (5) individual and societal rights and obligations; and (6) the social utility involved. Millien v. Jackson, 09-56 (La. App. 5 Cir. 12/29/09), 30 So.3d 167, 174.
A homeowner has a duty to discover and either correct or warn a guest of any unreasonably dangerous conditions on his premises. However, this duty does not make the owner an insurer of his guests against all possibility of accident. Stiebing v. Romero, 974 So.2d at 756. Not every defect gives rise to liability. Where a risk of harm is obvious and easily avoidable, the risk is not unreasonable. The defect must be of such a nature to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. Millien v. Jackson, 30 So.3d at 174.
|ñIn support of their motion for summary judgment, defendants attached the deposition transcripts of plaintiff and Lori Parigi,[1] who is the owner of Fresh Start. Ms. Parigi, a real estate agent, testified that she started Fresh Start as a business to “flip houses,” or buy properties and renovate them for resale for a profit. She stated Fresh Start purchased the property at issue on June 20, 2007, less than two weeks before plaintiffs accident. The house was over 80 years old and dilapidated. She noted the house had exposed beams and rotted insulation. Ms. Parigi did not have a formal inspection of the house because she intended to renovate it. After purchasing the house, Ms. Parigi hired several contractors, including Derrick Kimbrough, for sheetrock work, painting, and molding; Pete Kroeppel, for air conditioning work; “Vie,” for plumbing work; and, plaintiff, for electrical work.
According to both Ms. Parigi and plaintiff, they had known each other for awhile. Ms. Parigi contacted plaintiff about the renovation and inquired as to what it would take to bring the electrical in the house up to code. Plaintiff met with Ms. Parigi at the property and noted that the house was old and needed a complete renovation; but, he stated the structural condition of the house was pretty good. During his initial visit, plaintiff opened the drop-down attic stairs, went up the stairs, and looked into the attic. He stated the attic stairs looked in good shape other than the fact the bottom step was missing. He further stated they did not feel “rickety” when he used them. At some point, plaintiff told Ms. Parigi that she needed to replace the attic stairs because the bottom step was missing, but he did not advise her that the stairs had to be replaced or fixed before he could do the necessary electrical work.
1 7Ms. Parigi testified that, before plaintiffs accident, she had specifically asked Mr. Kimbrough, the sheetrock worker and painter, to replace the attic stairs. However, she stated the purpose of replacing the stairs was cosmetic and had nothing to do with their stability. She explained the stairs were not pretty and she wanted the plywood to match the new molding in the house. Ms. Parigi stated that she had noticed the bottom step was missing during one of her inspections of the house.
Plaintiff worked at the house for seven to eight days prior to his accident. In the three days prior to his accident, plaintiff went into the attic using the attic stairs several times a day. He stated several other people also used the attic stairs. Plaintiff testified the stairs never felt unsafe or rickety and he did not have any *854 problems with any of the rungs. On the day of his accident, plaintiff went up and down the attic stairs six times. He stated the stairs did not feel insecure and, in fact, stated the rungs felt good.
When the accident occurred, plaintiff was going up the attic stairs. He testified the third or fourth step broke; specifically, he explained the rung pulled out of the slots. Ms. Parigi stated she saw the stairs after plaintiffs accident and observed the third rung was broken, or hanging. She testified the stairs were replaced approximately one week later and the broken stairs were hauled away with the trash.
Based on these facts, we find plaintiff cannot prove that Fresh Start knew or should have known of the allegedly defective condition of the attic stairs. Plaintiff seems to suggest Fresh Start should have had the property inspected and, thus, should have known the attic stairs were defective. However, we find nothing in the statutes or jurisprudence that suggests a homeowner must hire an expert to inspect a house before purchasing and renovating it: Further, we do not find an | ¿inspection of the house would have revealed any defect in the attic stairs. Plaintiff and other workers used the attic stairs numerous times in the days before and on the day of his accident without incident and without any indication there were any problems with the stairs. See Roberson v. Lafayette Oilman’s Sporting Clays Shoot, Inc., 05-1285 (La.App. 3 Cir. 4/12/06), 928 So.2d 703, 707, writ denied, 06-1120 (La.9/1/06), 936 So.2d 206, wherein the Third Circuit affirmed summary judgment where a rung on a ladder gave way after finding there was no indication the rung was defective in any way, plaintiff had used the ladder without incident on several occasions before the accident, and there was no evidence to suggest an inspection several days prior to the accident would have exposed the non-apparent defect.
Fresh Start began renovations within one week of buying the house. Ms. Parigi was aware the bottom step of the attic stairs was missing. She indicated she learned at the act of sale that the step had been broken by the prior owner, who was in his 60s, when he was a little boy. However, plaintiffs injury did not occur as a result of the missing bottom step and there were no indications of any problems with the remaining attic steps. The attic stairs had been repeatedly used without incident prior to plaintiffs accident. Plaintiff himself testified that the stairs were not “rickety,” and that he felt safe using the stairs. Based on this evidence, plaintiff cannot show that Fresh Start knew or should have known of any defect in the attic stairs.
Further, we cannot say the attic stairs constituted a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. Plaintiff was working in a house that was undergoing major renovations. The dilapidated condition of the house was obvious to everyone. Ms. Parigi described the house as having exposed beams and | flrotted insulation. Plaintiff noted the wood in the house was brittle from old age. The risk of harm presented by old attic stairs in a dilapidated house is obvious and easily avoidable. Plaintiff himself testified he had ladders in his truck that he could have used for attic access.
In his motion for new trial and his appellate brief, plaintiff argues the theory of res ipsa loquitur applies to allow an inference of negligence. The doctrine of res ipsa loquitur permits the inference of negligence on the part of the defendant from the circumstances surrounding the injury. The doctrine merely assists the *855 plaintiff in presenting a prima facie case of negligence when direct evidence is not available. Linnear v. CenterPoint Energy Entex/Reliant Energy, 06-3030 (La.9/5/07), 966 So.2d 36, 41-42.
This doctrine is only applicable in cases where the plaintiff uses circumstantial evidence alone to prove negligence by the defendant. Id. at 42. This is not the case in the instant matter. Plaintiff presented direct evidence including his testimony of the condition of the stairs, his eyewitness account of how the accident happened, and Ms. Parigi’s testimony as to the condition of the stairs. This case is not a “circumstantial evidence only” case. Thus, the doctrine of res ipsa loquitur is not applicable.

Conclusion

For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Fresh Start Properties, LLC, and its insurer, State Farm Fire and Casualty Co., is affirmed.

AFFIRMED

. According to defendants, the deposition transcript misspelled Lori Parigi's name as "Lari Parigar.”