JOHNSON, J.
Defendants/Relators, Marian Ballard and Southern Fidelity Insurance Co., seek this Court's supervisory review of the trial court's June 21, 2018 denial of their motion for summary judgment. We find that Defendants are entitled to summary judgment as a matter of law and, therefore, reverse the trial court's ruling, grant summary judgment in favor of Defendants, and dismiss Plaintiffs' claims against Defendants with prejudice.[1]
On August 13, 2015, Plaintiffs, Laurie Yaukey, individually, and Peter Yaukey, on behalf of their children Austin and Peirson, filed suit seeking damages for alleged mold exposure at a property located on Oak Avenue in Harahan that was leased to Plaintiffs by Ms. Ballard beginning in June 2014. Plaintiffs alleged that the mold resulted from water leaking inside the premises over a period of time, which they discovered in May 2015 after a mold inspection. Plaintiffs asserted they have suffered various medical conditions as a result of the mold exposure.
On January 30, 2018, Defendants filed a motion for summary judgment, or alternatively a motion for partial summary judgment, asserting that Plaintiffs could not prove that the mold exposure was of a dose sufficient to cause health effects (general causation) and that there was a sufficient causative link between Plaintiffs' alleged health problems and the specific type of mold found on the property (specific causation). Defendants maintained that Plaintiffs did not have the required medical expert testimony to establish both general and specific causation.
Defendants attached numerous exhibits in support of their motion for summary judgment, including the partial depositions *185 of Ms. Yaukey, Peirson, Austin and various treating physicians, voluminous medical records, and an affidavit of their expert environmental scientist/microbiologist, William Feaheny, along with his expert report attached. These exhibits demonstrate that Ms. Yaukey has complained of mold exposure since Hurricane Katrina in three different properties, including the property involved in the current litigation. Additionally, Ms. Yaukey has an extensive medical history pre-dating the current alleged mold exposure, including abnormal vaginal bleeding, anemia, anxiety, back injury, back pain, chest pain, chronic constipation, chronic fatigue syndrome, depression, dizziness, fibromyalgia, headache, hyperthyroidism, irregular heartbeat, migraine, neck injury, neck pain, neurological disorder, neuropathy, numbness, shortness of breath, tingling, umbilical hernia, urinary incontinence, urinary tract infection and varicose veins. In early 2016, after moving out of the property at issue, she was further diagnosed with breast cancer.
According to his affidavit and attached report, Defendants' expert, Mr. Feaheny, President and Owner of ATA Air Testing Associates, LLC, conducted an inspection of the Oak Avenue home on September 22, 2015. Upon inspection, he did not find any water damage or mold growth. He conducted a moisture inspection and found no active moisture concerns. He further found that the indoor airborne fungal ecology within the living areas sampled was within normal parameters.
According to the various deposition excerpts attached to Defendants' motion, none of Ms. Yaukey's treating physicians, including Dr. Monty Glorioso, Dr. Newland Worley, Dr. Mahmoud Sarmini, and Dr. Kashmir Rai, relate any of her medical conditions to mold exposure, despite her reported history of mold exposure to her doctors.
In opposition to the motion for summary judgment, Plaintiffs relied on the affidavit of their expert, Brent Driskill, owner of Driskill Environmental Consultants, LLC, his attached microbial assessment report, and the medical records of Dr. Donald Dennis, an ENT in Atlanta, Georgia. According to Mr. Driskill's report, he inspected the Oak Avenue property on May 5, 2015 for the purpose of determining the extent of visible and/or air borne fungal existence in the home. His inspection revealed elevated levels of Cladosporium and Trichoderma molds in a tape-lift sample taken from the interior air conditioner. The air sample analysis from the master bedroom was within the normal mold ecology levels as compared to the outdoor air sample. And, the air sample analysis from the children's bedroom revealed that the indoor air had lower mold spore levels than the outdoor air and was within the normal mold ecology levels.
Dr. Dennis' medical records indicate that Ms. Yaukey reported three mold exposures beginning with Hurricane Katrina. Dr. Dennis' records note that Ms. Yaukey "has had significant toxic mold exposure" and specifically notes that she was exposed to cladosporium and trichoderma. Dr. Dennis' deposition has yet to be taken because of a dispute over his fee.[2] The records *186 seem to indicate that Ms. Yaukey tested negative for the various allergens related to mold exposure, which is consistent with the findings of her local treating physicians. While Dr. Dennis' medical records show that Ms. Yaukey had sinus inflammation or chronic sinusitis, nowhere in his records does he indicate that her medical condition, or the medical conditions of Peirson or Austin, were caused by mold exposure.
After a hearing on the motion for summary judgment, the trial court denied the motion by written judgment on June 21, 2018. In its reasons for judgment, the trial court indicated that there were genuine issues of material fact. Defendants filed the instant writ application seeking review of this judgment.
On supervisory review or on appeal, our review of a ruling granting or denying summary judgment is de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Breaux v. Fresh Start Properties , L.L.C. , 11-262 (La. App. 5 Cir. 11/29/11), 78 So.3d 849, 852. Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue as to material fact, and whether the mover is entitled to judgment as a matter of law. Id.
A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The party bringing the motion bears the burden of proof; however, if the mover will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the burden is on the non-moving party to produce factual support to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the non-moving party fails to meet this burden, there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(D)(1). Stogner v. Ochsner Clinic Foundation , 18-96 (La. App. 5 Cir. 9/19/18), 254 So.3d 1254, 1257, writ denied , 18-1723 (La. 1/8/19), 259 So.3d 1023.
Plaintiffs in a mold personal injury case must prove: (1) the presence of mold; (2) the cause of the mold and the relationship of that cause to a specific defendant; (3) actual exposure to the mold; (4) the exposure was a dose sufficient to cause health effects (general causation); and (5) a sufficient causative link between the alleged health problems and the specific type of mold found (specific causation). Watters v. Dept. of Social Services , 08-977 (La. App. 4 Cir. 6/17/09), 15 So.3d 1128, 1143, writs denied , 09-1651 (La. 10/30/09), 21 So.3d 291, and 09-1638 (La. 10/30/09), 21 So.3d 293.
After consideration of all the evidence presented, we find that Defendants have adequately shown there is an absence of factual support for both general causation and specific causation. We further find that Plaintiffs failed to produce any evidence to establish that they would be able to satisfy their burden of proving general and specific causation at trial. While Plaintiffs showed they were exposed to mold - cladosporium and trichoderma - they offered absolutely no evidence to show that they were exposed to a dose sufficient to cause health effects or that their health problems have been linked to the specific *187 mold to which they were exposed. Accordingly, we find that Defendants are entitled to judgment as a matter of law.
For these reasons, we grant Defendants' writ application and reverse the judgment of the trial court. We further grant summary judgment in favor of Defendants and dismiss Plaintiffs' claims against Defendants with prejudice.
WRIT GRANTED; JUDGMENT REVERSED; SUMMARY JUDGMENT GRANTED

In accordance with La. C.C.P. art. 966(H), the parties have been afforded additional briefing opportunities and participated in oral argument regarding the writ application.

Defendants have sought to take Dr. Dennis' discovery deposition, but he demanded a $ 5,000 flat rate fee. The trial court subsequently set his fee at $ 500/hour. However, according to Defendants, Dr. Dennis refuses to comply with the trial court's order because he is not subject to the personal jurisdiction of the court. Because of this, Defendants seek to exclude Dr. Dennis' medical records from consideration in connection with the motion for summary judgment. La. C.C.P. art. 966 does not require that a deposition be submitted for consideration in a motion for summary judgment, but simply states that certified medical records are one of the exclusive exhibits that may be considered.