| | |
|---|---|
| RONALD'S LAWN SERVICE, LLC | NO. 19-CA-244 |
| VERSUS | FIFTH CIRCUIT |
| ST. JOHN THE BAPTIST PARISH SCHOOL BOARD | COURT OF APPEAL |
| | STATE OF LOUISIANA |

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 67,520, DIVISION "C"
HONORABLE J. STERLING SNOWDY, JUDGE PRESIDING

December 11, 2019

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and John J. Molaison, Jr.

<u>**AFFIRMED**</u>
   **MEJ**
   **JJM**

<u>**DISSENTS WITH REASONS**</u>
   **RAC**

COUNSEL FOR PLAINTIFF/APPELLANT,
RONALD'S LAWN SERVICE, LLC
    DaShawn P. Hayes

COUNSEL FOR DEFENDANT/APPELLEE,
ST. JOHN THE BAPTIST PARISH SCHOOL BOARD
    Kevin P. Klibert

**JOHNSON, J.**

Plaintiff/Appellant, Ronald's Lawn Service, LLC (hereinafter referred to as "RLS"), appeals the summary judgment that dismissed its petition for breach of contract in favor of Defendant/Appellee, St. John the Baptist Parish School Board (hereinafter referred to as "the School Board"), from the 40th Judicial District Court, Division "C". For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On January 6, 2015, RLS filed its "Petition for Breach of Contract." In its petition, RLS alleged that it entered into a contract with the School Board on July 15, 2013 for ongoing services, labor, and materials for lawn care and maintenance of several school campuses. The petition stated that the amount owed for all of its services rendered was $149,832 per 12-month period beginning on June 7, 2013 and ending on March 31, 2016. RLS further alleged that the School Board terminated the contract on September 5, 2013 without any cause or written notice within 30 days of the termination. It contended the School Board was liable to it for the full sum of the contract. The School Board answered the petition on April 28, 2015, admitting that the amount of the contract for all services rendered as contracted was $149,832 per 12-month period beginning on June 7, 2013 and ending on March 31, 2016 and that the termination date of the contract was September 5, 2013. It then denied RLS's allegation that it performed all services and work or lawn care and maintenance in accordance with customary industry standards with the contract. The School Board then raised the affirmative defense that RLS failed to perform its obligations under the contract, which was the cause of the termination.

Two years later, the School Board filed its "Motion for Summary Judgment" on April 28, 2017. In its motion, the School Board asserted it was entitled to judgment as a matter of law because a release of all claims for ground maintenance

(hereinafter referred to as "the Agreement") was executed between the parties, and the settlement of $2,400 was a full and final payment. The School Board filed an *ex parte* motion on May 1, 2017 to supplement its motion for summary judgment with a copy of the Agreement, which was granted by the trial court. RLS opposed the motion on April 4, 2018, and argued it had a "fixed-term" contract with the School Board that was terminated without just cause. Thus, RLS averred the Agreement did not compensate it or release and/or discharge any of its claims remaining through March 31, 2016. RLS also objected to the supplementation and admission of the Agreement.

The hearing on the motion for summary judgment was held on April 4, 2018. At the conclusion of the hearing, the trial court admitted the Agreement into evidence and orally granted the summary judgment. The trial court reasoned that the Agreement covered all of the claims contemplated in RLS's lawsuit. A written judgment granting the summary judgment in favor the School Board and dismissing RLS's lawsuit with prejudice was rendered on April 27, 2018. The instant appeal followed.

## LAW AND ANALYSIS

In its sole assignment of error, RLS alleges the trial court erred in granting the School Board's Motion for Summary Judgment based simply upon the Agreement. It argues that its petition alleged the employment contract term with the School Board was from June 7, 2013 through March 31, 2016, and the Agreement only discharged duties and obligations owed for a three-month period out of the nearly three-year contract; thus, all of its claims against the School Board were not discharged in that document. As a result, RLS contends there are genuine issues of material fact remaining in this matter. It further argues that the School Board did not present competent evidence in support of its motion because the Agreement was not accompanied by an affidavit.

In opposition, the School Board avers that the Agreement signed was unambiguous and contemplated the same claims asserted by RLS in its lawsuit. It argues that the claims in RLS's petition are the same claims contemplated and released in the Agreement by use of the inclusive language "claims, demands, damages, actions, causes of action or suits of any kind in nature." The School Board further avers no evidence that supports RLS's claims of the contract is in the record. Therefore, the School Board contends the trial court correctly concluded there were no genuine issues of material fact, and it was entitled to judgment as a matter of law.

Here, the trial court granted summary judgment in favor of the School Board, reasoning that the Agreement covered all of the claims contemplated in RLS's lawsuit. The Agreement, entitled "Release of all claims for grounds maintenance work performed beginning on June 7, 2013 and ending on September 5, 2013," states,

> For the sole cause and consideration of two thousand four hundred dollars ($2,400.00), the receipt and sufficiency of which is acknowledged, I release and forever discharge St. John the Baptist Parish School Board, its administrators, agents, and assigns, and all other persons, firms, or corporations liable or who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action, or suits of any kind or nature, and particularly on account of all claims for reimbursement for grounds maintenance services (grass cutting) performed beginning on June 7, 2013 and ending on September 5, 2013 on schools, sites, and locations owned by St. John the Baptist School Board.

> I declare that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise, adjustment, and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the above stated accident, and agree to save, indemnify, defend, and hold harmless the party released from any claims or actions commenced in violations of this release agreement. I accept this Check in the amount of $2,400 as final payment of and cause for the consideration set forth above.

RLS objected to the admission of the Agreement into evidence in its opposition to the motion for summary judgment filed on April 4, 2018, the same day as the summary judgment hearing. According to La. C.C.P. art. 966 (D)(2), the trial court may only consider those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely-filed opposition or reply memorandum. *Id.* The trial court shall consider all objections prior to rendering judgment and shall specifically state on the record or in writing which documents, if any, it holds to be inadmissible or declined to consider. *Id.*

Pursuant to La. C.C.P. art. 966(B)(2), any opposition to the motion for summary judgment shall be filed and served not less than 15 days prior to the hearing on the motion. Because RLS filed its opposition to the motion for summary judgment less than 15 days prior to the hearing, the objection to the admission of the Agreement raised in the opposition was untimely. Therefore, we find the trial court did not err in admitting the Agreement into evidence over RLS's objection, and we will consider the Agreement in our review.

On supervisory or appellate review, the appellate court's review of a trial court ruling granting or denying summary judgment is *de novo*. *Yaukey v. Ballard*, 18-449 (La. App. 5 Cir. 3/20/19); 267 So.3d 183, 186, *writ denied*, 19-621 (La. 9/6/19), citing *Breaux v. Fresh Start Properties, L.L.C.*, 11-262 (La. App. 5 Cir. 11/29/11); 78 So.3d 849, 852. Thus, appellate courts consider the same criteria that govern the trial court's consideration of whether summary judgment is appropriate: whether there is any genuine issue as to material fact, and whether the mover is entitled to judgment as a matter of law. *Id.*

A motion for summary judgment shall be granted—after an opportunity for adequate discovery—if the motion, memorandum, and supporting documents show

that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The mover of the motion bears the burden of proof; however, if the mover will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). Thereafter, the burden shifts to the non-moving party to produce factual support to establish that he will be able to satisfy his evidentiary burden of proof at trial. *Yaukey*, *supra*. If the non-moving party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. *Id.*, citing *Stogner v. Ochsner Clinic Foundation*, 18-96 (La. App. 5 Cir. 9/19/18); 254 So.3d 1254, 1257.

In the case at bar, RLS alleged in its petition that the School breached its contract for ongoing services, labor and materials for lawn care and maintenance of several of the school campuses in the district. The essential elements of a breach of contract are threefold. *Bruneau v. Crescent City Cleaning Servs. Corp.*, 16-17 (La. App. 5 Cir. 12/14/16); 209 So.3d 286, 290, citing *Sanga v. Perdomo*, 14-609 (La. App. 5 Cir. 12/30/14); 167 So.3d 818, 822, *writ denied*, 15-222 (La. 6/19/15); 172 So.3d 650. First, a plaintiff in a breach of contract claim must prove the obligor undertook an obligation to perform. *Id.* Next, the plaintiff must prove that the obligor failed to perform the obligation, resulting in the breach. *Id.* Finally, the failure to perform must result in damages to the obligee. *Id.*

Upon *de novo* review, we find that the School Board met its burden of proving it was entitled to summary judgment. In its motion for summary judgment, the School Board argued that the Agreement settled all of the claims contemplated in RLS's lawsuit and supplemented its motion with a copy of the Agreement to support its argument. The Agreement is clear and unambiguous that the parties entered into a cash settlement for the work RLS performed between

June 7, 2013 and September 5, 2013. However, that is the only evidence presented by either party that gives us any indication as to the terms of the contract between RLS and the School Board. RLS failed to counter the School Board's burden shift by presenting evidence, *i.e.*, a contract, an affidavit, or a deposition, of the terms of the contract between the parties beyond September 5, 2013—the date both parties admitted the contract was terminated—or that the Agreement did not settle all of its claims. As a result, RLS failed to present evidence that it would be able to satisfy its evidentiary burden of proving the first essential element of its breach of contract action. *See*, *Bruneau*, *supra*.

Without any further evidence of the terms of the contract, we find that the Agreement satisfied the School Board's obligation to RLS for the services it performed through September 5, 2013. Therefore, we find that there is no genuine issue of fact remaining, and the School Board is entitled to summary judgment as a matter of law.

## DECREE

For the foregoing reasons, we find that St. John the Baptist Parish School Board is entitled to summary judgment. We affirm the trial court's April 27, 2018 judgment that dismissed Ronald's Lawn Service, LLC's lawsuit with prejudice. Ronald's Lawn Service, LLC is assessed the costs of this appeal.

## AFFIRMED

RONALD'S LAWN SERVICE, LLC             NO. 19-CA-244

                                       FIFTH CIRCUIT

VERSUS

                                       COURT OF APPEAL

ST. JOHN THE BAPTIST PARISH
SCHOOL BOARD                           STATE OF LOUISIANA


**CHAISSON, J., DISSENTS WITH REASONS**

The majority opinion finds that RLS failed to present any evidence of the terms of the contract it alleges in its petition, and that "as a result, RLS failed to present evidence that it would be able to satisfy its evidentiary burden of proving the first essential element of its breach of contract action." I respectfully disagree with the majority's finding that at this stage of the proceeding, in response to the particular motion for summary judgment filed by the School Board, that it was RLS's burden to present evidence that it would be able to satisfy its evidentiary burden of proving the terms of the contract.

In its petition for breach of contract, RLS alleged that on or about July 15, 2013, it entered into a contract with the School Board for ongoing lawn care and maintenance services at several school campuses. It further alleged that the amount of the contract was $149,832 per twelve-month period beginning on June 7, 2013, and ending on March 31, 2016. In its answer to RLS's petition, the School Board specifically admitted both of these allegations.

In its motion for summary judgment, the School Board again acknowledged that it entered into a contract with RLS on July 15, 2013, specifically citing to the

paragraph of RLS's petition that recites the terms of the contract. Nowhere in its motion for summary judgment did the School Board raise any issue or contest the terms of the contract as alleged in RLS's petition. Rather, the School Board maintained that the parties terminated the contract on September 5, 2013, and that in connection with the termination, RLS executed a release of "all claims for ground maintenance work performed on June 7, 2013 and ending on September 5, 2013." The School Board further maintained that "this settlement was a 'full and final compromise, adjustment, and settlement of any and all claims, disputed or otherwise.'"

Consequently, in this particular motion for summary judgment, the School Board did not point out the absence of factual support for the existence of the contract or the terms of that contract. Rather, the School Board maintained that there was a compromise of all claims under the contract. Having raised the affirmative defense of compromise, the burden was on the School Board to prove the compromise and that it was a compromise of all claims under the contract.

In order to carry its burden, the School Board submitted the September 20, 2013 Agreement that it contends released all claims under the contract. I agree with the majority that this Agreement was properly admitted and considered by the trial court on the School Board's motion for summary judgment. I also agree with the majority that "[t]he Agreement is clear and unambiguous that the parties entered into a cash settlement for the work RLS performed between June 7, 2013 and September 5, 2013." However, for the following reasons, I find the Agreement unclear and ambiguous as to whether the intent of the parties was to release any claims for the period from September 6, 2013, to March 31, 2016, the acknowledged ending date of the contract. Furthermore, because the burden was on the School Board to prove that the compromise Agreement was a compromise

19-CA-244                                      8

of all claims under the contract, the terms of which were admitted to by the School Board in its answer, I disagree with the majority that the burden shifted to RLS to prove the (undisputed) terms of the contract.

First, the Agreement is titled "Release of all claims for grounds maintenance work performed beginning on June 7, 2013 and ending on September 5, 2013." Nowhere in the Agreement is the July 15, 2013 contract, which the School Board has acknowledged in this litigation, alluded to or even mentioned. Second, the omnibus phrase "any and all claims" that the School Board now maintains releases all claims under an unmentioned contract, specifically refers to work performed during the June 7, 2013, to September 5, 2013 period, and further purports to release all claims arising out of an "accident."

This ambiguous Agreement was the only evidence submitted by the School Board in an attempt to carry its burden to show that all claims under the acknowledged July 15, 2013 contract were compromised. No other evidence was submitted by the School Board to establish the intent of the parties regarding this ambiguous Agreement. I therefore conclude that at this stage of the proceedings, the School Board has failed to carry its burden of proof as to its specific allegations in this particular motion for summary judgment, *i.e.*, that there was a compromise of all claims under the contract sued upon.

Pursuant to La. C.C.P. art. 966(D), the burden of proof rests with the mover on the motion for summary judgment. It is *only* when "the mover will not bear the burden of proof at trial *on the issue that is before the court on the motion for summary judgment*," that the mover can meet its burden by pointing out the absence of factual support for one or more elements essential to the adverse party's claim. The burden does not shift to the adverse party until the mover carries its initial burden. In this case, the School Board had the burden to proof a

compromise of all claims under the contract, which it failed to do. Under the summary judgment procedure, the burden never shifted to RLS.

La. C.C.P. art. 966(F) provides that "[a] summary judgment may be rendered or affirmed *only as to those issues set forth in the motion under consideration by the court at that time*" (emphasis added). The only issue set forth in the School Board's motion for summary judgment is the issue of a compromise of all of the acknowledged terms of the contract between the parties. In my opinion, the result of the majority opinion is to require the non-mover on a motion for summary judgment, who will not carry the burden of proof on the issue raised in the motion, to respond to the motion by submitting evidence that it will be able to carry its burden of proof as to *all* essential elements of his claim, regardless of whether a particular element of his claim was placed at issue by the motion or not. The implication of such a requirement is that a non-moving party on a motion for summary judgment is well-advised, even where the mover has only pointed to the absence of a single element essential to the non-mover's case, to try his entire case to the court in response to the motion for summary judgment.

For these reasons, I would reverse the judgment of the trial court and remand the matter for further proceedings.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 11, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-244

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE J. STERLING SNOWDY (DISTRICT JUDGE)
DASHAWN P. HAYES (APPELLANT)          KEVIN P. KLIBERT (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED