LOURDES ROMERO

VERSUS

WAL-MART, INC.

NO. 23-CA-518

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 822-595, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

May 29, 2024

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and John J. Molaison, Jr.

<u>**AFFIRMED**</u>
**MEJ**
**SJW**
**JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
LOURDES ROMERO
    Ivan A. Orihuela

COUNSEL FOR DEFENDANT/APPELLEE,
WAL-MART, INC.
    Peter S. Martin

**JOHNSON, J.**

Appellant, Lourdes Romero, seeks review of the 24th Judicial District Court's July 5, 2023 judgment granting Defendant/Appellee's, Wal-Mart, Inc. ("Wal-Mart"), Motion for Summary Judgment and dismissing her premises liability and negligence claims against Wal-Mart. For the following reasons, we affirm the district court's judgment.

## FACTS AND PROCEDURAL HISTORY

On November 8, 2020, Mrs. Romero, running late for a birthday party, hurried into the Wal-Mart Neighborhood Market on Williams Boulevard in Kenner, LA to purchase birthday cards and gift wrapping paper before the party. Her husband waited for her in their car.

Mrs. Romero alleges that an unnamed Wal-Mart cashier struck her by turning the bagging carousel as she reached for her purchase. She recalled that the cashier did not return her greeting when she began ringing up her items. Mrs. Romero said the cashier grabbed her items and put them in the bag, but would not hand her the bag after she paid for the items. Then, Mrs. Romero "grabbed the bag" and then the cashier turned the bagging carousel and "just spun [it] faster and faster and that's where it "hit and broke my ribs". Mrs. Romero did not report the incident to the cashier or anyone else inside the store before she left. No one witnessed the incident; there were no other customers in line or Wal-Mart employees in the area according to Mrs. Romero.

Mrs. Romero filed a petition for damages on November 7, 2021. She alleged that Wal-Mart's negligence caused her pain and suffering; physical disability; medical expenses; and loss of enjoyment of life. Wal-Mart denied all allegations in its answer, averred that the sole cause of any accident or injuries was due to the negligence and/or comparative negligence of Mrs. Romero, and requested a trial by jury. Wal-Mart filed a motion for summary judgment in May

23-CA-518                                    1

2023. Mrs. Romero filed an opposition, and Wal-Mart, in turn, filed a reply memorandum in further support of their motion for summary judgment. The district court granted the motion for summary judgment and dismissed Mrs. Romero's claims with prejudice at her cost. This timely appeal followed.

## ASSIGNMENTS OF ERRROR

Mrs. Romero alleges that genuine issues of material fact precluded summary judgment in this case and the district court committed error when it granted Wal-Mart's motion for summary judgment.

Wal-Mart counters that Mrs. Romero presented "no competent summary judgment evidence to even suggest that the alleged incident occurred or that Wal-Mart was negligent . . . under La. C.C. art. 2315 or any other theory of general negligence."

## LAW AND DISCUSSION

A motion for summary judgment should be granted only if there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); *Breaux v. Fresh Start Properties, L.L.C.*, 11-262 (La. App. 5 Cir. 11/29/11), 78 So.3d 849, 851-52. The initial burden of proof is with the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id.* The non-moving party must then produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the non-moving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. *Id.*; La. C.C.P. art. 966(C)(2).

> Appellate courts review the granting or denial of a motion for summary judgment *de novo* under the same criteria governing the district court's consideration of whether summary judgment is

appropriate. Specifically, appellate courts must ask the same questions as the district court: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.

*Breaux*, *supra* at 852. (Citation omitted). Louisiana Civil Code articles 2315, *et seq.* are the codal foundation for delictual liability for negligence in Louisiana. *See Id.*

Whether a claim arises in negligence under La. Civ. Code art. 2315 or in premises liability under La. Civ. Code art. 2317.1, the traditional duty/risk analysis is the same. *Tregre v. BIS Servs., LLC*, 23-124 (La. App. 5 Cir. 10/4/23), 375 So.3d 1030, 1035, *reh'g denied,* 23-124 (La. App. 5 Cir. 11/4/23), *citing Farrell v. Circle K Stores, Inc.*, 22-0849 (La. 3/17/23), 359 So.3d 467, 473.

Under the duty/risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); and (5) proof of actual damages (the damages element).

*Id.* at 1035-36.

A plaintiff may not satisfy his/her burden on summary judgment by relying on allegations and uncorroborated, self-serving testimony in response to the defendant's properly made and supported motion for summary judgment. *Caminita for & on Behalf of Caminita v. Roman Catholic Church of Archdiocese of New Orleans*, 20-54 (La. App. 5 Cir. 7/8/20), 299 So.3d 1269, 1271-72, *citing Cavet v. Louisiana Extended Care Hosp.*, 47,141 (La. App. 2 Cir. 5/16/12), 92 So.3d 1122, 1131. But, "[a] party's self-serving testimony must be accepted as credible except '[w]hen [the] party opposing a motion for summary judgment presents [his] own self-serving testimony, but that testimony contains significant discrepancies". *Hillebrandt on Behalf of Colbert v. State Farm Mut. Auto. Ins. Co.*, 23-286 (La. App. 3 Cir. 11/29/23), 375 So.3d 639, 643.

Here, Mrs. Romero recalled that she arrived at the store at 10:15 a.m. on Sunday, and she was in a hurry because she was running late for a birthday party. During her deposition, Mrs. Romero alleged that the pain to her right middle back was caused by her broken ribs, which were caused by the Walmart cashier's negligent operation of the bagging carousel. She admitted that she did not advise the cashier that the carousel struck her. However, Mrs. Romero knew that the cashier realized that she had hit her because she noticed the cashier "was startled". She did not report the incident to another employee. Mrs. Romero said that no one else was in line before or after her; "the pain was too strong for [her] to notice who was there and who wasn't." After she left the store, Mrs. Romero threw the receipt away in anger after she was hurt. She wanted to report the incident to the police, but the policeman was not inside the marked car parked outside. Mrs. Romero had her cell phone with her at the time of the incident, but did not take any photos or record a video of the carousel or the cashier. She advised her husband about what occurred, but they had had an argument before she went into the store; so he did not say anything to her regarding the accident.

Mrs. Romero did not attend the party as planned, but recuperated at home for three days before going to University Hospital. She said that, before seeking medical attention, she could not move and she did not take any medicine for the pain. She did not tell the doctors and nurses that she had been injured at Wal-Mart. After x-rays were taken, she learned that she had broken ribs – the doctors did not tell her how many of her ribs were broken and did not provide any treatment or medication, or advise her to seek further assistance. Mrs. Romero testified that she did not receive a bill from University Hospital or pay for the services she received there.

Mrs. Romero's attorney recommended that she seek treatment from Bryan Chiropractic. There, she disclosed that she had had an accident at Wal-Mart and

first received treatment on November 19, 2020. The therapy, along with prescribed anti-inflammatory pills, relieved her pain. She had also had an MRI performed and was told that she would be referred to a specialist, but she did not know what kind of specialist. As of November 18, 2022, she had not seen the specialist. But, she still received then weekly treatment at Bryan Chiropractic and planned to continue because the treatment made her "feel better". Mrs. Romero also confirmed that the fact that English is not her first language did not prohibit her from discussing or reporting the incident.

Upon *de novo* review of the record, we find that the district court correctly granted Wal-Mart's motion for summary judgment. The only evidence Mrs. Romero has provided to support the claims alleged in her petition is her testimony via deposition. She has presented no corroborating evidence; no medical records or invoices from University Hospital or Bryan Chiropractic; no affidavit from her husband or others (employers?) who could confirm that she was unable to move for three days after the incident; no pictures of bruises or the injured area on her body, the bagging carousel, or the cashier; no security video footage from the store on November 8, 2020; or a receipt from that date listing the items she purchased.

Wal-Mart has correctly pointed out that Mrs. Romero has not presented *prima facie* evidence that corroborates her, admittedly self-serving, testimony her injury was caused by the employee's use of the bagging carousel. "In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact." *Hillebrandt*, 375 So.3d at 643, citing *Sketchler v. Hernandez*, 20-292 (La. App. 1 Cir. 5/19/21), 326 So.3d 912, 920. The transcript of the hearing on the motion for summary judgment reflects that the district court did not weigh the evidence before rendering judgment in favor of Wal-Mart. This Court accepts Mrs. Romero's deposition as credible,

finding no significant internal contradiction within her testimony. Still, the evidence does not establish that she visited the Wal-Mart on or around November 8, 2020, or that she was injured during a visit to the store at all. *See Hanchey v. Cent. Louisiana Elec. Co.*, 218 So.2d 399, 401 (La App. 3d Cir. 1969). Without that corroboration, at a minimum, she cannot prove the Wal-Mart's employee's substandard conduct was a cause-in-fact, or the legal cause, of her injuries. *See Tregre*, *supra*. Consequently, there is no genuine issue of *triable* fact in this case. *See Hillebrandt*, *supra*.

Because there is no direct evidence or circumstantial evidence, besides Mrs. Romero's deposition testimony, that would reasonably allow us to infer that Mrs. Romero was injured by a Wal-Mart employee's negligent operation of the bagging carousel, we must agree with the district court's finding that Mrs. Romero has provided no corroborating evidence to support her negligence claims. Thus, Mrs. Romero has failed to establish at least one essential element of those claims. She also has not met her burden of producing factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial. Last, Mrs. Romero has not presented evidence to show the bagging carousel was defective in support of a premises liability claim. Therefore, we find that summary judgment was proper.

### *DECREE*

Considering the foregoing, the July 25, 2023 district court judgment granting summary judgment in favor of Wal-Mart is affirmed. Appellant, Mrs. Romero, is assessed with costs of the appeal.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## <u>NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY</u>

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 29, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 23-CA-518

### <u>E-NOTIFIED</u>
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
PETER S. MARTIN (APPELLEE)

### <u>MAILED</u>
IVAN A. ORIHUELA (APPELLANT)
ATTORNEY AT LAW
3213 FLORIDA AVENUE
SUITE C
KENNER, LA 70065