MARY FRANCIS AND JASMYN FRANCIS        NO. 24-C-458

VERSUS        FIFTH CIRCUIT

BOOMTOWN, LLC OF DELAWARE AND THE        COURT OF APPEAL
SERVICES COMPANIES, INC. OF FLORIDA
D/B/A THE SERVICE COMPANY        STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

December 11, 2024

Linda Wiseman
First Deputy Clerk

---

**IN RE** BOOMTOWN, LLC OF DELAWARE

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE RAYMOND S. STEIB, JR., DIVISION "A", NUMBER 798-439

---

Panel composed of Judges Fredericka Homberg Wicker,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT DENIED**

In this writ application, relator, Boomtown, L.L.C. of Delaware ("Boomtown"), seeks review of the trial court's September 27, 2024 judgment denying its motion for summary judgment. For the following reasons, we deny this writ application.

This case arises from an incident that occurred on September 2, 2018, at Boomtown's hotel in Harvey, Louisiana. Plaintiff, Mary Francis, was staying at the hotel in a guest room reserved by one of her daughters, Brandi Malachar. According to Ms. Francis, she is 5'10" and weighed 375 pounds at that time. Ms. Francis asserts she had mobility issues and requested a handicap room, but at check-in, the hotel informed her there were no handicap rooms available. According to Ms. Francis, she agreed to stay and requested a shower chair, which was brought to her room by a hotel employee, adjusted at her request, and placed

in the shower. Ms. Francis asserts that shortly after she sat on the shower chair, it collapsed, causing her to fall and sustain serious injuries. Jasmyn Francis ("Jasmyn"), who is also Ms. Francis' daughter, contends she injured her arm when she tried to help her mother while her mother was on the shower floor.

Ms. Francis and Jasmyn filed suit against Boomtown and The Service Companies, Inc. of Florida ("Service Companies"), a housekeeping service, asserting they were negligent and at fault for the incident and seeking to recover damages sustained as a result. They later asserted that Boomtown and Service Companies violated the Americans with Disabilities Act ("ADA") by providing Ms. Francis with a portable, unsecured, plastic, shower chair, which was unreasonably dangerous.

On June 24, 2024, Boomtown filed a motion for summary judgment, asserting there are no genuine issues of material fact and that plaintiffs cannot meet their burden of proof at trial. Boomtown asserted that Ms. Malachar did not request a handicap room when she made the reservation, which is supported by the absence of any reference to a handicap room in the email confirmation for the room. Boomtown also argued that Ms. Francis testified in her deposition that she had a shower chair at home rated for 350 pounds, yet she did not inspect the chair provided by Boomtown to make sure it would sustain her weight or request a chair with such capacity. It indicated the shower chair used by Ms. Francis had a warning on the back that the maximum weight was 250 pounds. Finally, Boomtown argued there is no remedy for monetary damages under the ADA and plaintiffs have no evidence that Boomtown failed to comply with the ADA. In support of its motion, Boomtown submitted several exhibits, including depositions, affidavits, and emails.

Plaintiffs filed an opposition memorandum arguing there are genuine issues of material fact regarding whether Ms. Malachar requested a handicap room for

2

Ms. Francis and whether Boomtown was negligent in providing Ms. Francis with a shower chair with a weight capacity well below her "obvious" weight. They further argued that discovery was not complete and that additional discovery was necessary.

Plaintiffs attached several exhibits to their opposition memorandum, including an affidavit from Nicholas Musso, an expert in architecture. In his affidavit, Mr. Musso opined that Boomtown's failure to provide Ms. Francis with a room compliant with the ADA and its failure to provide her with a properly-rated shower chair or to inform her of the weight capacity of the chair created a dangerous hazard that caused the shower chair accident. Boomtown filed a reply memorandum in which it objected to Mr. Musso's affidavit on various grounds.

At a hearing on August 29, 2024, the trial court denied Boomtown's motion for summary judgment. Thereafter, on September 27, 2024, the trial court signed a written judgment denying the motion for summary judgment and finding there were genuine issues of material fact.

In this writ application, Boomtown argues that the trial court erred by denying its motion for summary judgment, because there are no genuine issues of material fact and it is clear that plaintiffs cannot meet their burden of proof at trial pursuant to La. C.C. art. 2317, 2317.1, or the ADA. Additionally, Boomtown contends the trial court erred by failing to sustain its objections to various portions of Mr. Musso's affidavit. They assert the trial court did not explicitly rule on the objections and therefore, it is assumed that the objections were overruled.

Boomtown timely raised its objections to portions of Mr. Musso's affidavit in its reply memorandum, in accordance with La. C.C.P. art. 966(D)(2). La. C.C.P. art. (D)(2) further provides that "[t]he court shall consider all objections prior to rendering judgment" and "shall specifically state on the record or in writing whether the court sustains or overrules the objections raise."

3

Boomtown has not included a transcript of the hearing on the motion for summary judgment with its writ application, and neither the written judgment nor the minute entry reflects the trial court's ruling on any objections to Mr. Musso's affidavit. Likewise, there is no evidence showing Boomtown raised an objection to the trial court's alleged failure to rule on its objections to Mr. Musso's affidavit. Therefore, on the showing made, we cannot say the trial court erred.

A motion for summary judgment should be granted if there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3); *Breaux v. Fresh Start Properties, L.L.C.*, 11-262 (La. App. 5 Cir. 11/29/11), 78 So.3d 849, 851. The initial burden of proof is with the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id.*; *Romero v. Wal-Mart, Inc.*, 23-518 (La. App. 5 Cir. 5/29/24), 388 So.3d 1269, 1272, *writ denied*, 24-844 (La. 10/15/24), 394 So.3d 818.

Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubts must be resolved in the opponent's favor. *Willis v. Medders*, 00-2507 (La. 12/8/00), 775 So.2d 1049, 1050; *Varrecchio v. Lemoine Co., L.L.C.*, 23-603 (La. App. 5 Cir. 1/31/24), 381 So.3d 210, 214. In determining whether an issue of fact is genuine, as necessary for it to preclude summary judgment, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. *Id.* at 215; *B & P Restaurant Group, LLC v. Delta Administrative Services, LLC*, 18-442 (La. App. 5 Cir. 9/4/19), 279 So.3d 492, 501, *writ denied*, 19-1755 (La. 1/14/20), 291 So.3d 685.

After review, we agree with the trial court that there are genuine issues of material fact that preclude summary judgment at this time. Accordingly, after *de novo* review, we find no error in the trial court's judgment denying Boomtown's motion for summary judgment, and we deny this writ application.

Gretna, Louisiana, this 11th day of December, 2024.

**FHW**
**SUS**
**TSM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **12/11/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**24-C-458**

CURTIS B. PURSELL
CLERK OF COURT

**E-NOTIFIED**

24th Judicial District Court (Clerk)
Hon. Raymond S. Steib, Jr. (DISTRICT JUDGE)
Kolby P. Marchand (Relator)
Peirce A. Hammond, II (Respondent)
John R. Peters, III (Respondent)
David M. Williams (Respondent)

**MAILED**